**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re

| | |
|---|---|
| John Little Belvin | Case No. 21-31826-KLP |
| 8901 River Road | Chapter 7 |
| Petersburg, VA  23803 | |
| SSN:  xxx-xx-7166 | |

Nancy Irene Belvin
8901 River Road
Petersburg, VA  23803
SSN:  xxx-xx-1716,

Debtor(s).

**NOTICE OF UNITED STATES TRUSTEE'S MOTION TO DISMISS**
**CASE FOR PRESUMPTION OF ABUSE PURSUANT TO**
**11 U.S.C. § 707(b)(2), OR IN THE ALTERNATIVE, FOR ABUSE**
**PURSUANT TO 11 U.S.C. § 707(b)(3) AND HEARING THEREON**

PLEASE TAKE NOTICE that the United States Trustee has filed with the Court a **Motion Of The United States Trustee To Dismiss Case For Presumption Of Abuse Pursuant To 11 U.S.C. § 707(b)(2), Or In The Alternative, For Abuse Pursuant To 11 U.S.C. § 707(b)(3)** (the "Motion") in the above-captioned case.  A copy of the Motion is being served on you simultaneously herewith.

If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your views on the Motion, then on or before **seven (7) days** before the scheduled hearing date on the Motion, you or your attorney must:

( X )    File with the Court, at the address below, a written response with supporting memorandum pursuant to Local Bankruptcy Rule 9013-1(H).  You must mail or otherwise file it early enough so the Court will **receive** it on or before the date stated above.

---

Kathryn R. Montgomery, Esq., AUST (Va. Bar No. 42380)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Jason B. Shorter, Esq. (Va. Bar No. 80989)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

Clerk of Court
United States Bankruptcy Court
701 East Broad Street, Suite 4000
Richmond, Virginia 23219

You must also serve a copy on:

Shannon Pecoraro, Esq.
Trial Attorney
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

(X)     A hearing to consider the Motion is scheduled for **October 13, 2021 at
10:30 a.m.,** prevailing Eastern Time, in the United States Bankruptcy Court, 701
E. Broad Street, Courtroom 5100, Richmond, VA 23219 before the Honorable
Judge Keith L. Phillips.  The hearing will be conducted by electronic means,
including by telephone or video conference, as directed by the Court.

**REMOTE HEARING INFORMATION**: **Due to the COVID−19 public
health emergency, no in-person hearings are being held**. This hearing will take
place remotely through Zoom on the date and time scheduled herein.  To appear
at the hearing, you must send, by email, a completed request form (the "Zoom
Request Form"), which is available on the Court's internet website at
www.vaeb.courts.gov, on the page titled, "Temporary Emergency Provisions
Regarding ZoomGov Remote Proceeding Access Information."

Email your completed Zoom Request Form to the email address listed for the
Judge assigned to the case. Following receipt of your Zoom Request Form, Court
staff will respond to the email address from which the request was submitted with
additional information on how to participate through Zoom.

***The email address shall be used only to submit Zoom Request Forms. No
other matters or requests will be considered by Court staff, and under no
circumstances will any such matters or requests be brought to the Judge's
attention. Failure to comply with these instructions may result in appropriate
action, including but not limited to the imposition of sanctions.***

PLEASE NOTE: You MUST submit the Zoom Request Form no later than two
(2) business days prior to this hearing. Any documentary evidence the parties
wish to present at the hearing must be filed with the Court in advance of the
hearing

If you fail to file timely a written response or to attend the hearing, the Court may consider any objection you may have waived and enter an Order granting the relief requested in the Motion.

Date:  August 23, 2021                    John P. Fitzgerald, III
                                          Acting United States Trustee
                                           Region Four


                                           /s/ Shannon Pecoraro
                                          Shannon Pecoraro, Esq. (Va. Bar No. 46864)
                                          Office of the United States Trustee
                                          701 East Broad Street, Suite 4304
                                          Richmond, VA 23219


## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, a true copy of the foregoing was delivered via electronic mail pursuant to the Administrative Procedures of the CM/ECF system for the United States Bankruptcy Court for the Eastern District of Virginia to all necessary parties.  In addition, a copy was mailed to the following on August 23, 2021:

John Little Belvin
Nancy Irene Belvin
8901 River Road
Petersburg, VA  23803

                                          /s/ Shannon Pecoraro
                                          Kathryn R. Montgomery, Esq., AUST
                                          (Va. Bar No. 42380)
                                          Shannon Pecoraro, Esq. (Va. Bar No. 46864)
                                          Jason B. Shorter, Esq. (Va. Bar No. 80989)
                                          Office of the United States Trustee
                                          701 East Broad Street, Suite 4304
                                          Richmond, VA 23219
                                          Telephone (804) 771-2310
                                          Facsimile (704) 771-2330

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re

John Little Belvin                                    Case No. 21-31826-KLP
Nancy Irene Belvin,                                   Chapter 7

                        Debtor(s).

### MOTION OF THE UNITED STATES TRUSTEE TO DISMISS
### CASE FOR PRESUMPTION OF ABUSE PURSUANT TO 11 U.S.C. § 707(b)(2),
### OR IN THE ALTERNATIVE, FOR ABUSE PURSUANT TO 11 U.S.C. § 707(b)(3)

COMES NOW JOHN P. FITZGERALD, III, the Acting United States Trustee for Region Four (the "United States Trustee"), through the undersigned counsel, who respectfully moves this Court for entry of an Order dismissing the above captioned Debtors' (the "Debtors") case for presumption of abuse pursuant to 11 U.S.C. § 707(b)(2), 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), or, in the alternative, for abuse pursuant to Bankruptcy Code § 707(b)(3), and represents as follows:

### JURISDICTION

1.  This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334, 151, and 157(a) and (b)(1).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  This Motion is filed pursuant to Bankruptcy Code §§ 707(b)(2) and 707(b)(3).

### TIMELINESS OF MOTION

3.  Bankruptcy Code § 704(b)(1)(a) requires the United States Trustee to review all materials filed by the debtor, and not later than ten (10) days after the date of the first meeting of creditors, file with the Court a statement as to whether the Debtors' case would be presumed to be an abuse under § 707(b).

Kathryn R. Montgomery, Esq., AUST (Va. Bar No. 42380)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Jason B. Shorter, Esq. (Va. Bar No. 80989)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

4.    The initial Chapter 7 meeting of creditors (the "Initial § 341 Meeting") was held on July 13, 2021, and was adjourned to August 24, 2021 (the "Adjourned § 341 Meeting"), (collectively, the "§ 341 Meetings").

5.    On July 23, 2021, pursuant to the requirements of Bankruptcy Code § 704(b)(1)(a), the United States Trustee filed a statement of presumed abuse (the "10 Day Statement").

6.    The deadline under Bankruptcy Code § 707(b)(2) is August 23, 2021; and the deadline under Bankruptcy Code § 707(b)(3) is September 13, 2021.

7.    Therefore, this Motion is timely filed.

8.    In compliance with his statutory duties under Bankruptcy Code § 707(b)(2), the United States Trustee filed this motion to preserve his deadlines, but reserves the right to file a supplemental motion with further details.

## FACTUAL BACKGROUND

9.    On or about June 4, 2021 (the "Petition Date"), the Debtors, with the assistance of James E. Kane, Esquire ("Mr. Kane"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

10.    Jennifer J. West (the "Chapter 7 Trustee") was appointed trustee and continues to serve as Chapter 7 trustee in this bankruptcy case.

11.    On Schedule I, the Debtors reported gross income of $8,542.47 and net income of $4,525.50.

12.    On Schedule J, the Debtors reported expenses of $5,195.99 and monthly net income of ($670.49).

13.    On *Schedule E/F - Creditors Who Have Unsecured Claims*, the Debtors list creditors with claims totaling $66,988.31.

14.    The debts listed on the Debtors' schedules D, E and F appear to be primarily consumer obligations; and the Debtors so indicated on their voluntary petition.

15.    On *Official Form 122A-1* (the "Means Test"), the Debtors reported monthly gross household income of $9,544.38, annualized gross household income totaling $114,532.56 and a household size of four (4) persons.  See Form 122A-1, lines 12a, 12b and 13.

16.    The median income for a household size of four (4) persons in Virginia as of the

Petition Date was $116,328,00.

17.    The United States Trustee requested and received certain documentation.

18.    The United States Trustee reviewed the documentation and sent a follow up request to counsel.

19.    Based on a review of documentation received by the Debtors and testimony at the § 341 Meetings, it appears that the Debtors failed to disclose certain information and understated household income.

20.    Specifically, the United States Trustee observes numerous deposits into the Debtors' bank account, which do not appear to be accounted for in the income on the Means Test.

21.    The United States Trustee reserves the right to amend this Motion or to file a supplement to same upon receipt of the requested documentation and information.

## LAW AND ANALYSIS UNDER 11 U.S.C. § 707(b)(2)

22.    Based on a review of the Debtors' schedules and responses from the Debtor at the § 341 Meetings, the United States Trustee believes that this case is abusive under 11 U.S.C. § 707(b)(2) and (b)(3).

23.    In enacting the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), Congress made significant changes to the Bankruptcy Code to facilitate the prevention of abuse of the bankruptcy system.

24.    "The means test was designed 'to help ensure that debtors who can pay creditors do pay them.'" In re Dowd, 607 B.R. 833, 836 (Bankr. E.D. Va. 2019) citing Ransom v. FIA Card Servs., N.A., 562 U.S. 61, 64, 131 S. Ct. 716, 178 L. Ed. 2d 603 (2011) (citing H.R. Rep. No. 109-31, pt. 1, at 2 (2005)).

25.    Cases such as the instant case demonstrate the type of abuse Bankruptcy Code § 707(b) was intended to prevent.

26.    Bankruptcy Code § 707(b)(1) provides that the Court may dismiss a case filed by an individual whose debts are primarily consumer debts, if it finds that granting relief would be an abuse of the provisions of Chapter 7.

27.    Section 707(b)(2)(A)(i) provides, in pertinent part,

> . . . the court shall presume abuse exists if the debtor's current
> monthly income reduced by [certain deductions] and multiplied by
> 60 is not less than the lesser of –
>
> (I)   25 percent of the debtor's nonpriority unsecured
>       claims in the case or $8,175.00, whichever is
>       greater; or
> (II)  $13,650.00.

11  U.S.C. § 707(b)(2)(A)(i)

28.   Under this provision, the Court must presume that a debtor's chapter 7 filing is

abusive if, *inter alia*, the debtor has monthly disposable income of more than $227.50 per month,

or $13,650.00 over sixty (60) months, to fund a plan.

29.   Monthly disposable income is determined by following a formula set forth in §

707(b)(2).  The formula subtracts certain necessary expenses from the debtor's current monthly

income, such as the cost of food, clothing, housing, utilities and health care.  11 U.S.C. §

707(b)(2)(A)(ii). In addition, the debtor may deduct "monthly payments on account of secured

debts," averaged over the 60 months following the date of the petition. 11 U.S.C

§707(b)(2)(A)(iii).

30.   A debtor can rebut a presumption of abuse if the debtor establishes "special

circumstances, such as a serious medical condition or a call or order to active duty in the Armed

Forces" and demonstrates that the necessary expenses associated with those special

circumstances reduce the debtor's current monthly income below the specified benchmarks.  11

U.S.C § 707(b)(2)(B).

31.   A debtor must provide a detailed explanation of the special circumstances, itemize

and document each additional expense or adjustment of income, and attest under oath to the

accuracy of the information provided.  11 U.S.C. § 707(b)(2)(B)(ii) and (iii). See In re Parulan,

387 B.R. 168, 174 (Bankr. E.D.Va. 2008)(Mitchell, J.)(debtor failed to comply with procedural

requirements for demonstrating existence of "special circumstances")(even apart from

procedural deficiencies, alleged loss of opportunity to work overtime did not constitute a "special

circumstance.").

32.    In the event a debtor establishes special circumstances of the kind described in Bankruptcy Code § 707(b)(2)(B)(i), the debtor will rebut the presumption of arise only if he or she can demonstrate that the additional expenses or adjustments to income cause the product of the debtor's reduced monthly income, when multiplied by sixty (60), to be the lesser of (1) 25% of the debtor's unsecured debts or $8,175.00, whichever is greater or (b) $13,650.00. See 11 U.S.C. § 707(b)(2)(B)(iv).

33.    Courts in this jurisdiction have addressed the meaning of "special circumstances," concluding that "[i]n using the term "such as," followed by two potentially life-altering events (serious illness or a call to active duty in the military), Congress requires a seriousness with respect to the term 'special circumstances.'" In re Burdett, 2013 WL 865575 at *4 (Bankr. E.D. Va. 2013). The Court continued: Congress did not mean to make it impossible for debtors to meet this standard; had that been Congress's intent, it could have deleted the special circumstances exception altogether. Including the two special circumstances examples, however, signals an intent that the circumstances be of a more severe nature than ordinary job changes or income fluctuations. Id.

34.    The burden of proof to rebut a presumption of abuse rests with the debtor. In re Burdett, 2013 WL 865575, at *3.

35.    Based on a preliminary review of the documentation provided by the Debtors and the Debtors' testimony at the § 341 Meetings, the United States Trustee believes that the Debtors' household income is understated.

36.    With adjustments to correct these issues, the United States Trustee believes that the presumption of abuse may arise in this case.

37.    Accordingly, the United States Trustee submits that the relief requested herein is justified and in the best interest of the Debtors' creditors and should be granted.

## LAW AND ANALYSIS UNDER 11 U.S.C. § 707(b)(3)

38.    In the event the Court does not agree that the Debtors' case should be dismissed for presumption of abuse pursuant to Bankruptcy Code § 707(b)(2), the U.S. Trustee has also investigated the Debtors' case for abuse pursuant to Bankruptcy Code § 707(b)(3) and asserts that dismissal under § 707(b)(3) is also appropriate.

39.    The Bankruptcy Code restricts the privilege of a chapter 7 discharge by requiring dismissal, or conversion to another chapter with the consent of the debtor, of a case if the court finds, where the debts are primarily consumer debts, "that the granting of relief would be an abuse of the provisions of [Chapter 7]." 11 U.S.C. § 707(b)(1). In re Wenzel, 2015 WL 1087409 *2 (Bankr. N.D.Ohio March 9, 2015).

40.    Section 707(b)(3) provides two separate bases in evaluating whether there exists an abuse of the provisions of chapter 7 in support of dismissing a case.  First, a court shall consider "whether the debtor filed the petition in bad faith." Second, a court shall consider "whether the 'totality of the circumstances' of [the debtor's] 'financial situation' nonetheless shows that their case is an abuse of chapter 7." In re Smith, 2016 WL 7441605 *3 (Bankr. N.D.Ill. December 27, 2016); see also 11 U.S.C. § 707(b)(3)(A), (B).

41.    The initial burden lies with the moving party seeking dismissal under section 707(b)(3). In re Perelman, 419 B.R. 168, 177 (Bankr. E.D.N.Y. 2009) (citations omitted). However, "[o]nce a prima facie case is established by the UST, the burden of going forward with sufficient evidence to controvert the prima facie case is reposed in the non-moving party, the [d]ebtor." Id. at 178 (citations omitted); see also In re Lenton, 358 B.R. 651, 665 (Bankr. E.D.Pa. 2006) (once prima facie case is established the burden shifts to debtor to demonstrate entitlement to chapter 7 relief).

42.    The standard for presuming abuse under Bankruptcy Code § 707(b)(2) is based on a statutorily mandated calculation (as detailed above) while the standard for actual abuse under Bankruptcy Code § 707(b)(3) is based upon consideration of evidence of a debtor's bad faith or totality of the circumstances of his or her financial situation.

43.    Whereas the court may look only to the results of the Means Test Form for dismissal predicated on the presumption of abuse arising under Bankruptcy Code § 707(b)(2), the Court must exercise its discretion to dismiss a case under Bankruptcy Code § 707(b)(3).

44.    Section 707(b)(3) of the Bankruptcy Code provides, in pertinent part, as follows:

> In considering under paragraph (1) whether the granting of relief
> would be an abuse of the provisions of this chapter in a case in
> which the presumption in subparagraph (A)(I) does not arise or is
> rebutted, the court shall consider –

(A) whether the debtor filed the petition in bad faith; **or**

(B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtors) of the debtor's financial situation demonstrates abuse.

11  U.S.C. § 707(b) (emphasis added).

45.    Bankruptcy Code § 707(b), as amended by BAPCPA, replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard.

46.    That a chapter 7 case may be dismissed for "abuse" under § 707(b)(3) is not dependent on the presumption of abuse arising under § 707(b)(2).  Nothing in the Code indicates that the court's traditionally discretionary analysis has been replaced by the means test.

47.    The totality of the circumstances of the debtor's financial situation and his ability to pay unsecured creditors warrant dismissal of this case pursuant to 11 U.S.C. § 707(b)(3). A debtor's ability to repay a portion of their unsecured debt alone is sufficient to warrant dismissal under the "totality of circumstances" analysis.  See In re Williams, 2011 WL 10468090 *3 (Bankr. S.D. Iowa July 14, 2011) (citing United States Trustee v. Harris, 960 F.2d 74, 76 (8th Cir. 1994)); see also In re Calhoun, 396 B.R. 270, 275-76 (Bankr. D.S.C. 2008) ("This Court now holds that, while the totality of all the debtor's financial circumstances must be examined, the ability to pay and the failure to do so standing alone can be an abuse of chapter 7, absent mitigating factors.") aff'd, 650 F.3d 338 (4th Cir. 2011)1. Additionally, "[i]n deciding the Motion to Dismiss, the relevant question for the Court is not whether Debtors would be required to pay anything in a chapter 13 case, but whether the totality of the circumstances of Debtors' financial condition in this chapter 7 case show an ability to repay their debts." In re Lamug, 403 B.R. 47, 57 (Bankr. N.D.Cal. 2009).

---

[1] The Fourth Circuit previously ruled that a debtor's ability to repay creditors standing alone is not sufficient to warrant dismissal under section 707(b). Green v. Staples (In re Green), 934 F.2d 568 (4th Cir. 1991).  However, since section 707(b) was amended in 2005 the enduring applicability of Green is unclear. See e.g., In re Fox, 521 B.R. 520, 528-29 (Bankr. D.Md. 2014) (collecting cases). Nevertheless, even under the Green standards, this case should be dismissed.

48. Using the standard articulated in Bankruptcy Code § 707(b)(3), post-BAPCPA, the Debtors' case would be an abuse.

49. The United States Trustee has reviewed the Debtors' schedules and believes that various expenses are overstated or excessive and that income may be understated.

50. Specifically, the United States Trustee observes numerous non-payroll deposits in the Debtor's bank account.

51. Additionally, the United States Trustee asserts that the voluntary contribution to a retirement plan of $1,534.09 is excessive when filing a Chapter 7 case.

52. The United States Trustee also observes what appears to be participation in a stock purchase plan, which does not appear to be disclosed on the Debtors' schedules.

53. Based on the United States Trustee's analysis, it appears the Debtors could afford a substantial Chapter 13 plan payment.

54. The totality of the circumstances indicates that the Debtors' financial condition does not warrant a Chapter 7 discharge: (a) the Debtors have the ability to repay a substantial portion of their unsecured debt through a Chapter 13 plan; (b) the Debtors did not file the bankruptcy petition because of sudden illness, calamity, disability, or unemployment; (c) the petition and schedules do not accurately reflect the Debtors' true financial condition; and (d) it is questionable whether the Chapter 7 case was filed in good faith.

55. Accordingly, the United States Trustee submits that the relief requested herein is justified and in the best interest of the Debtors' creditors and should be granted.

## NOTICE

56. Notice of this Motion has been given to:  (a) the Debtors, (b) Debtors' counsel, and (c) the Chapter 7 Trustee.  In light of the relief requested herein, the United States Trustee submits that no other or further notice is required.

## RELIEF REQUESTED

57. The United States Trustee believes that the presumption of abuse arises in this case and that the Debtors have failed to demonstrate special circumstances to rebut the presumption of abuse.

58.  Accordingly, to the extent the Debtors do not convert the case to Chapter 13, this Court should dismiss the case under Bankruptcy Code § 707(b)(1) because there is a presumption of abuse under Bankruptcy Code § 707(b)(2).

59.  In the alternative, this Court should dismiss the Debtors' case pursuant to Bankruptcy Code § 707(b)(3) based on the totality of the circumstances.

60.  Based on the foregoing, there is just cause to dismiss the Debtors' case pursuant to Bankruptcy Code § 707(b)(2) or Bankruptcy Code § 707(b)(3).

WHEREFORE, the United States Trustee respectfully requests that: (i) the Debtors' discharge be deferred pending disposition of this motion; (ii) the case be dismissed pursuant to Bankruptcy Code § 707(b)(2) or, in the alternative, pursuant to Bankruptcy Code § 707(b)(3); (iii) or, if the Debtors request, and the United States Trustee consents, to convert the case to another chapter; and (iv) the Court grant such other and further relief as is just.

Respectfully requested

John P. Fitzgerald, III
Acting United States Trustee
Region Four

By  /s/ Shannon Pecoraro
Trial Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, a true copy of the foregoing was delivered via electronic mail pursuant to the Administrative Procedures of the CM/ECF system for the United States Bankruptcy Court for the Eastern District of Virginia to all necessary parties.  In addition, a copy was mailed to the following on August 23, 2021:

John Little Belvin
Nancy Irene Belvin
8901 River Road
Petersburg, VA  23803

/s/ Shannon Pecoraro
Kathryn R. Montgomery, Esq., AUST (Va. Bar No. 42380)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Jason B. Shorter, Esq. (Va. Bar No. 80989)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310